FILED
2018 Feb-07 PM 01:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **THE CITY OF FAIRFIELD, ALABAMA** | ) | |
| **A MUNICIPAL CORPORATION** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Case No: 2:17-CV-01064-KOB** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | **JURY DEMAND REQUESTED** |
| | ) | |
| **Defendant.** | ) | |

## AMENDED COMPLAINT

## INTRODUCTION

This is an action brought by plaintiff, The City of Fairfield, Alabama A Municipal Corporation against the United States under 26 U.S.C.§7433 for damages suffered as the result of the reckless, intentional, and/or negligent unauthorized collection action of federal tax by officers and/or employees of the Internal Revenue Service, specifically the levy of plaintiff's funds while his request for relief was pending, and under U.S.C.§1331, which provides that a suit in the U. S. District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

The plaintiff in the above-styled action by and through the undersigned counsel, filed their amended complaint pursuant to this Court's Order dated January 17, 2018. This Honorable Court GRANTED the plaintiff's MOTION for Leave to File this amended complaint. This Amended complaint will invoke 26 U.S.C.§7433 for damages suffered as a result of the *reckless, intentional*

*and unauthorized collection action* of federal tax officers identified in the *AFFIDAVITS OF DIANE CAIN, MAYOR ED MAY AND FRANK WOODSON. (Please see Affidavits)*

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §1331 in that 26 U.S.C.§7433(a) provides that a suit in U.S. District Court is the exclusive remedy for recovering damages for unauthorized collection actions by an officer or employee of the Internal Revenue Service.

2. Venue is appropriate in this judicial district under 28 U.S.C.§1391(b) because the events that give rise to this Complaint occurred in this district.

3. This action is timely brought, pursuant to 26 U.S.C.§7433(d)(3) as it is being filed within two years after the date the right of action accrued.

## PARTIES

4. Plaintiff is a municipal corporation located in the United States and located in the County of Jefferson, State of Alabama, which is in this judicial district.

5. Respondent is the United States of America.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference the foregoing paragraphs.

7. Plaintiff incurred a variety of payroll tax, interest and civil penalties related to The City of Fairfield.

8. Plaintiff was unable to fully pay its liabilities.

9. IRS Revenue Officers, Marilyn Toney and Randi McClain, were assigned to plaintiff's case and began the initial case analysis in July 2012.

10. Plaintiff retained The Stewart Firm, LLC to represent The City of Fairfield with respect to its federal tax liabilities.

11. The Notice of Levy on Wages issued to plaintiff's employer by Revenue Officer McClain was dated on or about March 17, 2017. (See Exhibit 1)

12. At the time the Notice of Levy on Wages was issued, neither Revenue Officer McClain or Revenue Officer Toney nor anyone else at the IRS had notified plaintiff or his representative that the proposed relief would not move forward per the conference call of November 16, 2016 between Ms. Marilyn Toney, Mayor Ed May, Ms. Diane Cain and Mr. Frank Woodson

13. Plaintiffs bank accounts were levied beginning on or about March 17, 2017.

14. On or about March 24, 2017, plaintiff's representative appealed the installment agreement rejection through the Collection Appeals Program (CAP) and requested a return of the wrongfully levied proceeds through the CAP proceeding.

15. On or about May 1, 2017, The City of Fairfield submitted and Offer in Compromise to the IRS regarding its tax liabilities.

16. Ms. Toney nor Ms. McClain never spoke with Plaintiff's attorney regarding bank records for July-August 2016, including cancelled checks and signature cards, verification of owned and leased vehicles, records of any real property owned by The City of Fairfield, nor for financial information that would reflect The City of

Fairfield's income and expenses. No deadline was ever set with the attorney for the Plaintiff's for providing any information.

17. The levy on plaintiff's bank accounts began with the Notice of Levy on Wages dated March 7, 2017.

18. The levy on plaintiff's bank accounts from March 7, 2017 caused plaintiff significant economic hardship including, but not limited to being able to pay basic employee payroll and basic services of The City of Fairfield.

19. Plaintiff suffered damages as the result of the unlawful levy of their bank accounts including:

a) Garnished funds levied in the amount in excess of $42,311.23;

b) An inability to provide basic city services;

c) An inability to pay Attorney's fees;

d) Delay in making payroll.

20. Plaintiff mitigated the above-listed damages to the fullest extent possible by attempting to limit his expenditures and incurred expenses.

a) The levy of the funds in Compass Bank at a time when plaintiff had no right to access those funds in violation of 26 U.S.C. §6331(a); and

b) The collection information documents used to garnish The City of Fairfield's accounts were unauthorized under the Paperwork Reduction act of 1995.

21. The attempted summons of financial information, with unauthorized documents, from Compass Bank while plaintiffs offer in compromise was pending with IRS in

violation of 26 U.S.C.§6331(k)(1) and 26 U.S.C.§7811 and the Paperwork Reduction Act of 1995.

**COUNT ONE**

**VIOLATION OF PAPERWORK REDUCTION ACT OF 1995**

22. Under the Paperwork Reduction Act of 1995, "notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information that is subject to this chapter if:

    a) The collection of information does not display a valid control number assigned by the Director in accordance with this chapter; or

    b) The Agency fails to inform the person who is to respond to the collection of information that such person is not required to respond to the collection of information unless it displays a valid control number.

    c) The protection provided by this action may be raised in the form of a complete defense, bar, or otherwise at any time during the agency administrative process or judicial action applicable thereto."

23. The Paperwork Reduction Act is a federal law that was enacted to serve as the legal framework by which agencies would construct, design and disseminate forms to the general public when seeking information collection from the general public. These forms are required to go through an OMB standardization process, which results in receiving an "OMB Control number" that must be displayed on the forms.

24. Here, the Internal Revenue Service, recklessly and maliciously, provided documents that were not authorized by the Office of Management and Budget. Ctr.

for Auto Safety & Pub. Citizen, Inc. v. Nat'l Highway Traffic Safety Admin., 371 U.S. App. D.C. 422, 452 F.3d 798 (2006), Appellees, the court held that because the NHTSA violated the Paperwork Reduction Act, the agency's information request was not enforceable. Accordingly, because NHTSA lacked legal authority to enforce its request for information, the submissions cannot be considered mandatory even if the parties reasonably believed the information requests were mandatory at the time of submission. When an agency obtains information from private entities by asserting legal authority which it cannot enforce, private-party submissions are entitled to the same protection from disclosure as voluntary submissions.

25. It is abundantly clear that the collection information provided by the Internal Revenue Service was unauthorized and bogus on its face. These unauthorized documents were used by the Internal Revenue Service to collect from The City of Fairfield, and subsequently used by the Internal Revenue Service to levy against the City's bank accounts at Compass Bank.

26. Also, in Saco River Cellular v. Federal Communications Commission, the Court held that the 1995 amendments to the Paperwork Reduction Act obligated the Commission to reconsider its dismissal of PortCell's application, which it had previously dismissed, and consequently to award the license to PortCell. In this instance, PortCell argued that the Commission had erred in dismissing its application because the firm-financial-commitment reporting requirement had not been approved by the Office of Management and Budget. As you can see, this

scheme by the Internal Revenue Service is systemic, pervasive and has no bounds. It is imperative this scheme be stopped immediately.

27. Furthermore, as it relates to The City of Fairfield, this unauthorized scheme almost put The City of Fairfield out of business. After having lost Walmart, which provided 40% of their budget, the added guillotine-like action of the Internal Revenue Service created an atmosphere where the City could hardly make payroll, empty garbage, clean streets and provide the most basic services in this small city of approximately 10,000 residents. The City of Fairfield still teeters on the brink of bankruptcy after the actions taken by the Internal Revenue Service.

28. Finally, this activity is systemic, and threatens to make a mockery of our democratic systems. Action must be taken quickly to stop this abuse of power. This is not an isolated incident.

**COUNT TWO**

**VIOLATION OF THE PRIVACY ACT OF 1974**

29. Plaintiff incorporates by reference the foregoing paragraphs.

30. The statutory language of the Privacy Act of 1974 indicates that a government agency acting "in a manner which was intentional or willful is liable to the individual in an amount equal to the sum of actual damages sustained by the individual as a result of the refusal or failure." See, Doe v. Chao, 540 U.S. 614, 124 S. Ct. 1204 (2004); Privacy Act of 1974,§2(a)(5), 88 Stat ("the Act"). See, also Maydak v. United States, 361 U.S. App. D.C. 76, 363 F.3d 512, 515 (D.C. Cir. 2004) (internal quotation marks and citation omitted); see also McCready v. Nicholson, 373 U.S. App. D.C. 236, 465 F.3d 1, 7-8 (D.C. Cir. 2006) (stating that

"the [Privacy Act] safeguards the public from unwarranted . . . use and dissemination of personal information contained in agency records") (internal quotation marks and citation omitted). Thus, with certain limited exceptions, the Privacy Act forbids federal agencies from "disclos[ing] any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C.§552a(b). The Privacy Act defines "individual" as [*35]" a citizen of the United States or alien lawfully admitted for permanent residence." Id.§552a(a)(2). Scarborough v. Harvey, 2007 U.S. Dist. LEXIS 36952, *34-35

31. Also, if an agency intentionally or willfully violates this section, or any rules promulgated under it, in such way as to have an adverse effect on an individual, the aggrieved individual may bring a civil action against the agency and may recover (a) the greater of $1,000 or the individual's actual damages, and (b) reasonable attorney fees and costs. 5 U.S.C.A. 5529 (g)(1)(D) & (g)(4).

32. Here, the Internal Revenue Service used collected information obtained with unauthorized documents and provided those unauthorized documents to Compass Bank to obtain the City's funds. The IRS's efforts were intentional and willful. The net effect of the IRS's decision was that The City of Fairfield was unable to pay its bills in a timely fashion, make payroll and to perform the basic services of a municipality of a City of approximately 10,000 residents. Also, in *Doe v. Chao*, the Court held that the Department of Labor displayed claimants Social Security numbers on various legal documents without authorization and published

these in legal documents and online legal research databases. See, infra 124 S. Ct.1204, (2004).

33. The IRS violated the Paperwork Reduction Act of 1995 a second time when the IRS attempted to summons financial information with unauthorized documents (Please See Exhibit 2 & 3). No matter what the cost, the IRS was dead set on unlawfully seizing the funds of the City by any means necessary.

**COUNT THREE**

**VIOLATION OF FOURTH AMENDMENT**

34. The purpose of the Fourth Amendment is "to safeguard the privacy and security of individuals against arbitrary invasions by government officials." To fall under the protection of the Fourth Amendment, the invasion by government officials must rise to the level of a search, which occurs when the government infringes upon "an expectation of privacy that society is prepared to consider reasonable." The Defendants actions and breach of trust violated their 4th Amendment rights against unlawful or unauthorized search and seizure activities. The 4th Amendment states that *"the right of the people to be secure in their persons, houses, paper and effects, against unreasonable searches and seizures, shall not be violated and no warrants shall issue, but upon probable cause."*

35. Here, the Internal Revenue Service, working through its revenue officers, Ms. Marilyn Toney and Ms. Randi McClain, clearly over-stepped their bounds by willfully and maliciously infringing upon the rights of The City of Fairfield. The agency exceeded Fairfield's expectation of privacy by requesting information on

authorized documents, and by submitting those unauthorized documents for the garnishment of fund to Compass Bank and seizing those funds.

36. The Internal Revenue Service provided documents to Compass Bank that were not authorized by the Office of Management and Budget, using these documents to provide a basis for the garnishment of funds by the Internal Revenue Service and to humiliate The City of Fairfield. Two things occurred that were caused by the Internal Revenue Service:

a) The Internal Revenue Service garnished the City, the first time, with unauthorized documents;

b) Secondly, the Internal Revenue Service attempted to summons financial documents from the Compass Bank with, again, unauthorized documents after an "Offer In Compromise," had already been filed. In *United States v. Warshak et al,* the Court held that government agents violated the defendant's Fourth Amendment rights when they compelled ISP to produce the content of his emails without first obtaining a warrant based on probable cause. 631 F.3d 266. (See Exhibit 4 & 5)

37. In Mapp v. Ohio, 367 U.S. 643, 81 S. Ct. 1684 (1961), police officers searched the home of Ms. Mapp, looking for certain items. In their search, they only found some "obscene materials." The officers had no search warrant. The search only yielded the discovery of material classified as "obscene" under Ohio State law. The Court held that evidence obtained from an unreasonable search and seizure could not be used against the accused in a criminal state case.

38. In the instant case, revenue officers McClain and Toney deliberately, willfully or with reckless disregard for the law provided documents to Compass Bank that were unauthorized by the Office of Management and Budget to garnish the funds of The City of Fairfield. The effect of this "fishing expedition" was to dramatically force a curtailment of the basic services provided by The City of Fairfield. There was no ability to provide all of the basic services to the citizens, and The City of Fairfield was nearly forced to lay off employees and still teeters near bankruptcy.

39. The garnishment with unauthorized documents amounted to an unreasonable search and seizure.

## COUNT FOUR

## VIOLLATION OF THE TAXPAYER BILL OF RIGHTS

40. The Taxpayer Bill of Rights (hereinafter referred to as "TBOR") is an Act of Congress codified under 26 U.S.C.S.§7803.

41. This statute encourages Federal IRS officials adhere to a set of 10 principles guiding when conducting official business on behalf of the Commissioner of the Internal Revenue Service when conducting official tax business with U.S. Taxpayer citizens. (3) Execution of duties in accord with **taxpayer rights**. In discharging his duties, the Commissioner shall ensure that employees of the Internal Revenue Service are familiar with and act in accord with **taxpayer rights** as afforded by other provisions of this title, including—26 U.S.C.S.§7803 (a)(3):

a) The right to be informed.

b) The right to quality service

c) The right to pay no more than the correct amount of tax.

d) The right to challenge the position of the Internal Revenue Service and be heard.

e) The right to appeal a decision of the Internal Revenue Service in an independent forum.

f) The right to finality

g) The right to privacy

h) The right to confidentiality.

i) The right to retain representation and,

j) The right to a fair and just tax system.

See, 26 U.S.C.S.§7803 (a)(3).

## LEGAL CLAIMS

42. 26 U.S.C.§7433 and Treasury Regulation §301.7433-1 authorize taxpayers to seek civil damages through a civil action against the United States when an officer or employee of the Internal Revenue Service recklessly, intentionally, or negligently disregards any provision of the Internal Revenue Code or any regulation promulgated under the Internal Revenue Code.

43. 26 U.S.C. §6331(k)(2) states that "No levy maybe made... on the property or rights to property of any person with respect to any unpaid tax—during the period that an offer by such person for an installment agreement is pending with the Secretary."

44. Defendants offer to provide relief was unresolved and pending during the time of the Summons and garnishment.

45. The issuance of the March 7, 2017 Notice of Levy on Wages violated 26 U.S.C. §6331(k)(2).

46. The issuance of the March 7, 2017 Notice of Levy on Wages in violation of 26 U.S.C. §6331(k)(2) was reckless, intentional and/or negligent.

   a) The levy of the funds in Compass Bank at a time when plaintiff had no right to access those funds in violation of 26 U.S.C.§6331(a) and the Paperwork Reduction Act of 1995;

   b) The summons was submitted to Compass Bank while Plaintiff's offer in compromise was pending with IRS in violation of 26 U.S.C.§6331(k)(1) and 26 U.S.C.§7811 with unauthorized documents under the Paperwork Reduction Act of 1995.

47. Plaintiff suffered actual, direct economic damages as the proximate cause because of the reckless, intentional and/or negligent action of officers and/or employee of the Internal Revenue Service in issuing the March 7, 2017 Notice of Levy on Wages.

48. Plaintiff's actual, direct economic damages for the above-described unauthorized collection action total at least $42,311.23 plus the costs of bringing this action.

WHEREFORE, Plaintiff requests that this Court enter judgment against the United States of America providing the following relief:

a) Award plaintiff the actual, direct economic damages sustained by The City of Fairfield as the proximate result of the reckless, intentional or negligent actions of the Internal Revenue Service's officers and/or employees;

b) Award plaintiff interest, costs and reasonable attorney's fees, and

c) Grant plaintiff such other and further relief as the Court deems appropriate.

Respectfully submitted this the 7th day of February 2018.

/s/ Otis Stewart, Jr.
OTIS STEWART, JR.
Attorney for the Petitioners
208 – 23rd Street North
Birmingham, AL 35203
(205)777-2079
tsostewart@yahoo.com

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the above and foregoing upon the named parties of record, as listed below, by Electronic Mail, Hand Delivery or by placing a copy of same in the United States Mail properly addressed and postage prepaid on this the 7th day of February 2018.

Ms. Rebecca Layne
Via Electronic Mail

Mr. Richard O'Neal
Via Electronic Mail

Randi McClain
801 Tom Martin Drive
Birmingham, AL 35211
Via Certified Mail

Ms. Marilyn Toney
801 Tom Martin Drive
Birmingham, AL 35211
Via Certified Mail