IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE CITY OF FAIRFIELD, ALABAMA A MUNICIPAL CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> _____) | Case No. 2:17-cv-01064-TMP |

## MOTION TO DISMISS AMENDED COMPLAINT

Defendant, United States of America, by and through its undersigned counsel respectfully requests that the Court dismiss the Amended Complaint (ECF No. 19) filed by The City of Fairfield, Alabama A Municipal Corporation ("Fairfield").  In the Amended Complaint, Plaintiff seeks to recover damages under 26 U.S.C. § 7433 and alleges that the Court additionally has jurisdiction under 28 U.S.C. § 1331.  Plaintiff also seeks relief under the Paperwork Reduction Act of 1995, the Privacy Act of 1974, the Taxpayer Bill of Rights, and the 4th Amendment.[1]  The Court should dismiss any claims under the Paperwork Reduction Act of 1995, the Taxpayer Bill of Rights, and the 4th Amendment for lack of subject matter jurisdiction. To the extent the Court finds that it has jurisdiction over any claim under the 4th Amendment or the Privacy Act of 1974, the Court should dismiss those claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

---

[1] As with the drafting of the original pleadings in the matter, the drafting of the Amended Complaint makes it difficult to discern precisely the nature of Fairfield's claims.  Specifically, it is difficult to discern the relief sought, if any, with respect to the alleged violation of the Paperwork Reduction Act of 1995, the Privacy Act of 1974, the 4th Amendment, and the Taxpayer Bill of Rights.  To the extent that the Amended Complaint is construed to seek other relief, the United States respectfully requests the opportunity to file an appropriate motion.

Regarding the claim for damages under 26 U.S.C. § 7433, Plaintiff has failed to state a claim upon which relief can be granted because it has not demonstrated that it exhausted its administrative remedies. Accordingly, the Court should also dismiss this claim under Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

**I.  The Court Does Not Have Subject Matter Jurisdiction Over Fairfield's Claims Under the Paperwork Reduction Act, the Taxpayer Bill of Rights, and the 4th Amendment**

Because federal courts are courts of limited jurisdiction, the Court reviews its subject matter jurisdiction as a threshold inquiry in every case. *Taylor v. Appleton*, 30 F.3d 1365, 1366 (11th Cir. 1994) ("…a court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues."). If the Court finds it lacks jurisdiction, then its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. *See Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94, 118 S. Ct. 1003, 1012 (1998); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

It is well-settled that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction. *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *United States v. Shaw*, 309, U.S. 495; 500-01 (1940). *See also Stoecklin v. United States*, 943 F.2d 42, 43 (11th Cir. 1991). The terms of the United States' consent to be sued define the court's jurisdiction. *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

Fairfield does not point to any waiver of sovereign immunity for any of its actions except its claim under 26 U.S.C. § 7433. Although Fairfield alleges that this Court has subject matter

jurisdiction over this action by virtue of 28 U.S.C. § 1331, which grants the U.S. District Courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States, it is well established that 28 U.S.C. § 1331 in and of itself provides no general waiver of sovereign immunity. *See, e.g. Harbert v. United States,* 206 Fed.Appx. 903, 907 (11th Cir. 2006) ("Section 1331 cannot be construed to constitute a waiver of sovereign immunity."); *Aloupis v. United States,* 149 Fed. Appx. 889, 891 (11th Cir. 2005); *A.L. Rowan & Son, Gen. Contractors, Inc. v. Dep't of Hous.,* 611 F.2d 997, 1000 (5th Cir.1980). Therefore, 28 U.S.C. § 1331 does not provide this Court with subject matter jurisdiction over any of Fairfield's claims.

Thus, Fairfield has failed to identify a waiver of sovereign immunity for violation of the Paperwork Reduction Act of 1995, the Taxpayer Bill of Rights, and the 4th Amendment. Accordingly, the Court lacks subject matter jurisdiction to consider them.[2]

## II. Fairfield has Failed to State a Claim Under the Privacy Act of 1974, 26 U.S.C. § 7433 and the 4th Amendment

### A. Fairfield's Action for Unauthorized Disclosure Cannot Be Brought Under the Privacy Act of 1974

Fairfield seeks damages for an alleged violation of the Privacy Act of 1974. Fairfield alleges that the IRS "used collected information obtained with unauthorized documents and provided those unauthorized documents to Compass Bank." (ECF 19, ¶ 32). Fairfield does not identify the nature of the "collected information" nor of the "unauthorized documents". However, to the extent that Fairfield is claiming the IRS disclosed tax returns or return

---

[2] Although Fairfield also fails to identify a waiver of sovereign immunity for the claim under the Privacy Act of 1974, that act does contain a waiver of sovereign immunity. *See* 5 U.S.C. § 552a(g). However, as shown below, Fairfield cannot stat a claim under the Privacy Act because 26 U.S.C. § 7433 provides the exclusive remedy for actions of this nature.

3

information as defined by 26 U.S.C. § 6103(b)(2), such an action must be brought under the Internal Revenue Code. *See Gardner v. United States*, 213 F.3d 735, 741-42 (D.C. Cir. 2000) (stating that "the Internal Revenue Code preempts the Privacy Act for remedies for disclosure of tax information.") Specifically 26 U.S.C. § 7431(a)(1) provides taxpayers with a damages remedy for an unauthorized disclosure of tax returns and return information by the IRS. Further, when the unauthorized disclosure arises out of tax collection activity, the exclusivity provision of 26 U.S.C. § 7433 mandates that the suit for damages be brought under § 7433, not § 7431. *See Schwarz v. United States,* 234 F.3d 428,432-33 (9th Cir. 2000); *Pollinger v. United States*, 539 F. Supp. 2d 242, 252 (D.D.C. 2008) (finding that the exclusivity provision of 26 U.S.C. § 7433 bars a 26 U.S.C. § 7431 suit for unauthorized disclosure arising out of tax collection activity). Here, the alleged unauthorized disclosure resulted from tax collection activity, namely the IRS's summons and levy to Compass Bank to collect the tax owed by Fairfield. Therefore, any action for damages for any unauthorized disclosure in this suit must be brought under 26 U.S.C. § 7433. Thus, Fairfield has not stated a claim for unauthorized disclosure under the Privacy Act of 1974, and the Court should dismiss Fairfield's claim.

    B. <u>Fairfield Failed to Exhaust Administrative Remedies Under 26 U.S.C. § 7433</u>

Fairfield seeks monetary damages of $42,311.23. Section 7433 authorizes suits for damages against the United States if, "in connection with any collection of Federal Tax . . . any officer or employee of the [IRS] recklessly or intentionally, or by reason of negligence," disregards any provision of the Internal Revenue Code or any regulation promulgated thereunder. 26 U.S.C. § 7433. It further states that an action under 26 U.S.C. § 7433 "shall be the exclusive remedy for recovering damages resulting from such actions." *Id.*

There are prerequisites that must be satisfied before a taxpayer may bring an action against the United States under 26 U.S.C. § 7433.  A plaintiff cannot recover any damages under section 7433 "unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1); *see also* 26 C.F.R. § 301.7433-1(e) (listing administrative claim requirements).  In order to exhaust administrative remedies under § 7433(d)(1), a plaintiff seeking relief must first file a proper administrative claim with the IRS.  *Galvez v. I.R.S.*, 448 F. App'x 880, 885 (11th Cir. 2011); *Pollinger v. I.R.S. Oversight Bd.*, 362 F. App'x 5, 11-12 (11th Cir. 2010).  A proper administrative claim must be sent to the IRS district director and include, *inter alia,* (1) the taxpayer's identifying information; (2) grounds for the claim, in reasonable detail, along with available substantiating documentation; (3) a description of injuries with available substantiating documentation; and (4) the amount of the claim.   C.F.R. § 301.7433-1(e)(1)-(2).

The facts alleged by Fairfield make no mention of Fairfield filing an administrative claim, nor of Fairfield exhausting administrative remedies as detailed by 26 C.F.R. § 301.7433-1(e).[3]  While the Eleventh Circuit has held that the administrative claim requirement in section 7433 is not jurisdictional, *see Galvez v. I.R.S.*, 448 F. App'x 880, 887 (11th Cir. 2011), the Court also held that a claim must be dismissed if no administrative claim was filed.  *Id*.  Thus, pleading that an administrative claim was filed is an essential element to pleading for relief under section

---

[3] In its original Motion to Dismiss, the United States pointed out the same flaw with Fairfield's claim under 26 U.S.C. § 7433. (ECF No. 5, at II.B)  Despite being a granted a second chance to amend its pleadings, and despite representing to the Court that Fairfield "discovered new information that may impact this case" (at ECF. No. 15) in order to obtain that second chance, Fairfield still fails to comply with the basic requirements to bring a claim under this provision of the Internal Revenue Code and sets forth no new information that would impact its claim.

7433.  Because Fairfield has not alleged that it filed an administrative claim, the Court should dismiss the claim for damages for failure to state a claim under 26 U.S.C. § 7433.

### C. Fairfield Does Not Have a 4th Amendment Claim

Additionally, to the extent that this Court determines that it has jurisdiction to hear Fairfield's claim for violation of the 4th Amendment, the Court should dismiss that claim for failure to state a claim.  In its Amended Complaint, Fairfield claims that the IRS violated the 4th Amendment when it levied upon Fairfield's bank accounts and when it served the summons upon Compass Bank.  Regarding the levy of Fairfield's funds, the Supreme Court made plain in *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 351-52, (1977) that seizures of property for the purposes of collecting taxes are inoffensive to the 4th Amendment so long as they involve no invasion of the taxpayer's private premises.  See also *Hutchinson v. United States*, 677 F.2d 1322, 1328 (9th Cir. 1982) (IRS levy on a bank account did not implicate the 4th Amendment since it involved no entry onto the taxpayer's premises); *Baddour, Inc. v. United States*, 802 F.2d 801, 807 (5th Cir. 1986) (levy under Section 6331, if it involves no invasion of one's premises, does not violate the 4th Amendment).  Here, Fairfield is alleging no such invasion of a taxpayer's private premises.  Finally, regarding the information sought by the summons, it is well-settled that the "Fourth Amendment does not prohibit the obtaining of information revealed to a third-party." *United States v. Miller*, 425 U.S. 435 (1976); see also *Taliaferro v. Freeman*, 595 F.App'x 961, 962-63 (11th Cir. 2014) (Stating that a taxpayer's similar 4th Amendment argument was "simply without merit, and do[es] not warrant further discussion.")  Here, information provided by the bank responsive to the summons is information Fairfield provided to a third-party.  Accordingly, the Court should dismiss any claim by Fairfield for violation of the 4th Amendment.

## **CONCLUSION**

The Court should dismiss Fairfield's claims for lack of subject matter jurisdiction and for failure to state a claim.

Dated: February 21, 2018          Respectfully submitted,

                                           RICHARD E. ZUCKERMAN
                                           Principal Deputy Assistant Attorney General

                                           */s/ Rebecca E. Layne*
                                           REBECCA E. LAYNE
                                           Trial Attorney, Tax Division
                                           U.S. Department of Justice
                                           P.O. Box 14198
                                           Washington, D.C.  20044
                                           202-514-5879 (v)
                                           202-514-4963 (f)
                                           Rebecca.Layne@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2018 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that it will be served accordingly on all counsel of record via transmission of Notices of Electronic Filing generated by the CM/ECF system.

                                           */s/ Rebecca Elene Layne*
                                           REBECCA ELENE LAYNE
                                           Trial Attorney
                                           US Department of Justice, Tax Division